THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FRANCISCO VELÁZQUEZ, Defendant and Appellant.

No. 13183. Argued November 1, 1948.—Decided November 9, 1948.

---

*Benicio Sánchez Castaño* for appellant. *Luis Negrón Fernández, Attorney General* (*José C. Aponte,* as *Acting Attorney General* on the brief), and *J. Rivera Barreras, Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Francisco Veláquez was charged [1] in the District Court of Bayamón with the offense of an attempt to kill and convicted by a jury of the offense of aggravated assault and battery. He moved for a new trial which was denied on October 29, 1946 and on that same day he was sentenced to pay a fine of fifty dollars or in default thereof to serve one day in jail for each dollar left unpaid, plus costs. On that same day, October 29, 1946, the defendant appealed to this Court from the judgment and from the decision denying the motion for a new trial. On November 15, 1946 the defendant filed in the lower court a motion to set aside the judgment and for acquittal. The district attorney objected. After a hearing the court declared that it had no jurisdiction to dispose of the motion. The defendant also appealed from that decision.

The appellant alleges that the lower court erred in overruling the motion for a new trial and in dismissing the motion to set aside the judgment. As to the second error assigned it is not accurate to state that the court dismissed the motion to set aside. What the court actually did was to declare itself without jurisdiction to dispose of it because the defendant had already appealed from the judgment to this Court. No error was committed in doing so. *People* v. *Méndez,* 67 P.R.R. 772, particularly on reconsideration on page 777, and *People* v. *Rivera ante,* p. 314 with respect to the impropriety of a motion for reconsideration filed while appeal is pending.

The court did not err in declaring itself without

_____
[1] Jovino de Jesús was also accused but the jury found him not guilty.

jurisdiction nor in overruling the motion for a new trial. This motion was based on the incident which took place when the jury returned to the courtroom after deliberation, and which appears on page 324 of the transcript of the evidence:

"Judge: As to the other verdict, the Court will ask the jury to return to the jury room because the verdict is informal. It does not correctly state whether the defendant is guilty or not guilty; it does not say it. The verdict is returned to the jury in order that they should state correctly their opinion. You may leave the courtroom under the same oath that the marshal took.

"The Court, as to Jovino de Jesús, according to the verdict rendered by the jury is found not guilty. He is acquitted and the bond is cancelled. The other defendant must stay to wait for the verdict. Court adjourns until the jury returns. Let the marshal himself take three printed forms to the jury upstairs.

(The gentlemen of the jury again returned to the courtroom.)

"Judge: Have the gentlemen of the jury agreed upon the verdict as to Francisco Velázquez, the other defendant?

"Mr. Foreman: Yes, your Honor.

"Judge: The court declares the verdict formal. The clerk shall read it and shall enter it in the registry book.

"Clerk: We, gentlemen of the jury, find the defendant Francisco Velázquez guilty of the offense of aggravated assault and battery. We recommend clemency for the defendant.

"Bayamón, Puerto Rico, September 26, 1946. (S) F. Ginorio, Foreman.

"Judge: Is this the verdict of the jury?

"Mr. Foreman: Yes, sir.

(All the other members of the jury agree.)

"Judge: The court declares the verdict delivered and finds the defendant, Francisco Velázquez, guilty of the offense of aggravated assault and battery. The verdict which was declared null should be attached thereto in order that it should remain in the case and two . . . the two printed forms which they did not use."

We find nothing in this incident by which the rights of the defendant were impaired. The second paragraph of §

288 of the Code of Criminal Procedure provides that "If the jury render a verdict which is neither general nor special the court may direct them to reconsider it, and it can not be recorded until it is rendered in some form from which it can be clearly understood." This was exactly what happened in this case. The verdict which was first brought by the jury could not be considered as such inasmuch as it did not specify whether the jury found the defendant guilty or not guilty. The court merely called the attention of the jury that they should "correctly state their opinion" and asked them to return to the room of deliberation. On their return they delivered a formal verdict of conviction of the offense of aggravated assault and battery which was properly accepted by the court.

The judgment is affirmed.